Silver, Appellant, *v.* Dilworth.

646

Argued April 24, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Charles V. Stoelker, Jr.*, with him *William Austin Meehan*, for appellants.

*David Berger*, City Solicitor, with him *Pace Reich*, Assistant City Solicitor, *Lewis Kates*, Deputy to the City Solicitor, and *James L. Stern*, Deputy City Solicitor, for appellees.

OPINION BY MR. JUSTICE COHEN, May 22, 1961:

This appeal from the order of the Court of Common Pleas No. 1 of Philadelphia County poses a single question for our determination: May the Mayor of Philadelphia, with the approval of the City Solicitor, appoint special counsel to represent the City in transit matters. The court below held that the Mayor-appellee may make such appointment and appellants-taxpayers have appealed from the dismissal of their action to enjoin the employment of special counsel.

Appellants rely on section 4-400 of the Philadelphia Home Rule Charter which provides that the law department of the City shall (a) ". . . supervise, direct and control all of the law work of the City" and (b) "represent the City and every officer, department, board or commission in all litigation. . . ." These provisions if

read alone might appear to prohibit the employment of special counsel; however, section 8-410 negates any such inference. That section reads in part ". . . It shall be unlawful for any officer, department, board or commission to engage any attorney to represent him or it in any matter or thing relating to his or its public business *without the approval in writing of the City Solicitor.*" (Emphasis supplied). We are of the opinion that this latter provision impliedly authorizes the retention of special counsel.

Appellants contend that special counsel can be retained to represent an officer, department, board or commission but cannot be retained by the City itself, which they allege is the case here. Appellants base their argument on the fact that the word "City" appears in section 4-400(a) and section 4-400(b) but is omitted in section 8-410. We cannot agree that the drafters of the Home Rule Charter desired to permit the retention of special counsel by the constituent parts but not by the sum of those parts.

We see no reason for discussing the many cases from other jurisdictions dealing with the employment of special counsel since none is concerned with a statutory provision comparable to section 8-410 of the Philadelphia Home Rule Charter.

Order affirmed.