Nekodie Mudd, Anthony P. Preziosi and Joseph J. Vranich *v.* Borough of Rankin, Matthew L. J. Furjanic, Mayor, Charles Zezza, Samuel T. Roy, William H. Price, Ralph Rocco, Thomas E. Vilaj, George Tishko and George Fedak, Members of Council. Nekodie Mudd et al., Appellants.

Argued October 29, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Ronald P. Koerner,* with him *Gatz, Cohen, Segal & Koerner,* for appellants.

*Leo Kostman,* for appellees.

OPINION BY JUDGE MENCER, December 23, 1976:

This case involves the appeal of police officers Nekodie Mudd, Anthony P. Preziosi, and Joseph J. Vranich (appellants) from an order of the Court of Common Pleas of Allegheny County dismissing their exceptions to a decree refusing appellants' petition for a preliminary injunction against the Borough of Rankin, Mayor Matthew L. J. Furjanic, and the members of the Borough Council (appellees) in their official capacities and individually. Appellants sought to enjoin appellees from terminating their employment as police officers and from using special police to replace appellants. Affirmative relief in the form of reimbursement for lost wages, seniority rights and fringe benefits was also sought, as well as relief requiring appellees to furlough special police officers prior to civil service officers when reducing the size of the police force.

This case arose when appellants were informed that they were being furloughed as of October 31, 1975.[1] Testimony established that appellants have

---

[1] There seems to be some confusion as to whether appellants were furloughed pursuant to the Police Tenure Act, Act of June 15,

been replaced by non-civil-service special police who perform essentially the same tasks as appellants.

Appellants apparently sought the preliminary injunction both as taxpayers of the Borough of Rankin, contending that special police could not provide adequate protection for the Borough, and as furloughed police seeking reinstatement. The court below concluded that no indication of immediate and irreparable harm to the Borough existed and that appellants had an adequate remedy at law to challenge their furloughs. We must agree.

Our review of an order refusing a preliminary injunction is limited to a determination of whether there were any apparently reasonable grounds for the action of the court below and, unless it is clear that no reasonable grounds existed or that the rules of law relied upon are palpably wrong or clearly inapplicable, the merits of the case or the reasons for or against the lower court's action cannot be considered. *Stryjewski v. Local Union No. 830,* 426 Pa. 512, 233 A.2d 264 (1967).

We cannot conclude on this record that the lower court was unreasonable in its holding that no immediate or irreparable harm was shown. We also hold that the lower court was correct in concluding that appellants have adequate remedies at law and in the administrative process.

Both appellants and appellees have, in their briefs, argued the merits of the furlough procedure followed by the Borough of Rankin and whether those procedures violate the applicable law. However, this Court,

---

1951, P.L. 586, *as amended,* 53 P.S. §811 et seq., or under Section 1190 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190. Only one or the other can validly apply; however, the language relevant to this case is identical in each. Since we do not reach the merits of this case, it is unnecessary to decide which act is applicable.

on review, cannot consider the merits of this case in its present procedural posture.

Order affirmed.

### Order

Now, this 23rd day of December, 1976, the order of the Court of Common Pleas of Allegheny County dismissing exceptions to the denial of a preliminary injunction in the above captioned case is affirmed.