Richard Kastner, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Transportation, Defendant.

Argued September 12, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Michael S. Silberman,* with him *Wilbur Greenberg,* and *Sidkoff, Pincus & Greenburg, P.C.,* for plaintiff.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, October 26, 1977:

Richard Kastner filed a complaint in trespass within our original jurisdiction, naming as the sole defendant, the Pennsylvania Department of Transportation (PennDOT). The complaint alleges that defendant built a new highway which caused access to plaintiff's property to be more circuitous and difficult. Plaintiff alleges that the value of his tract of ground has diminished substantially because of PennDOT's action.

PennDOT filed preliminary objections to plaintiff's complaint raising the defense of sovereign immunity from suit derived from Article I, Section 11 of the Constitution of Pennsylvania. The propriety of raising this defense by way of preliminary objections has not been challenged by plaintiff by an appropriate pleading, but at argument plaintiff would now have us dismiss the preliminary objections and require defendant to raise this defense by way of new matter in its answer.

> We again note that immunity from suit is an affirmative defense which should be pleaded under the heading of 'New Matter' in a responsive pleading; it is not properly raised by preliminary objections. See Pa. R.C.P. 1030. Since plaintiffs did not object to the manner in which the issue of immunity was raised, we will, in the interest of judicial economy, decide the issue on its merits.

*Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 250 n.3, 373 A.2d 771, 772 n.3 (1977). To the same effect *see Freach v. Commonwealth*, Pa. , n.6, 370 A.2d 1163, 1166-67 n.6 (1977).

While we do not condone a disregard of the Pennsylvania Rules of Civil Procedure, we, nonetheless, in the interest of judicial economy, will again consider

this defense as here raised inasmuch as plaintiff is equally at fault in failing to file a pleading directed to this procedural issue.

On the merits we are again requested to abolish the doctrine of sovereign immunity. Our Supreme Court has steadfastly held that the Commonwealth is immune from suit in tort absent legislative consent. *Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973), and we have consistently followed its holding as we must. *Walter v. Commonwealth*, 23 Pa. Commonwealth Ct. 97, 350 A.2d 440 (1976).

Our Supreme Court, *in Specter v. Commonwealth*, 462 Pa. 474, 477, 341 A.2d 481, 482 (1975), clearly outlined its position on this issue when it succinctly stated:

> Article I, Section 11, of the Constitution of Pennsylvania, P.S., provides in part that 'suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.' This Court has repeatedly and recently construed the quoted language as imposing a constitutional bar to suits against the Commonwealth of Pennsylvania and as leaving it to the legislature to determine how and when this bar shall be lifted. As we said in Brown v. Commonwealth, 453 Pa. 566, 572, 305 A.2d 868, 871 (1973), '[w]hether the doctrine of sovereign immunity should be modified in this Commonwealth is a legislative question. We could not base a contrary holding upon our impatience with the Legislature's failure to act as speedily and comprehensively as we believe it should.' We remain of this opinion, founded as it is in the conviction that the bar to suit absent legislative direction to the contrary is constitutionally mandated.

270

The legislature having chosen to maintain the immunity of the sovereign as to suits of this character, the action against the Commonwealth may not be maintained, and the trial court was correct in sustaining the preliminary objections and dismissing the complaint as to the Commonwealth. (Footnote omitted.)

Accordingly, we issue the following

ORDER

AND Now, this 26th day of October, 1977, the preliminary objections of the Commonwealth are hereby sustained, and the plaintiff's complaint is dismissed .