Richard Kastner, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation, Defendant.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Robert E. Cherwony,* with him *Wilbur Greenberg,* and, of counsel, *Sidkoff, Pincus, Greenberg & Green, P.C.,* for plaintiff.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for defendant.

OPINION BY JUDGE MACPHAIL, September 19, 1979:

On October 5, 1976, Richard Kastner (Plaintiff) filed a complaint in trespass within our original jurisdiction against the Pennsylvania Department of Transportation (Department). The Department filed preliminary objections to Plaintiff's complaint on the basis of sovereign immunity. On October 26, 1977, this Court, per President Judge BOWMAN, sustained the Department's preliminary objections and dismissed the complaint. *Kastner v. Department of Transportation,* 32 Pa. Commonwealth Ct. 267, 378 A.2d 1050 (1977). Plaintiff then filed an appeal with our Supreme Court. Plaintiff subsequently petitioned the

Supreme Court to remand the case to this Court for reconsideration in light of the Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). The petition was granted and the case was argued to us on March 21 of this year.

Plaintiff raises three issues for our consideration: (1) whether the decision in *Mayle v. Pennsylvania Department of Highways, supra,* vested Plaintiff with a cause of action against the Commonwealth which could not be destroyed by legislative action, (2) whether the Act of September 28, 1978, P.L. 788, Act No. 152 (Act 152) is unconstitutional because it retroactively destroys Plaintiff's vested right in the cause of action and provides no alternative remedy for redress, and (3) whether Act 152 is unconstitutional as an ex post facto law.

The first two issues raised by Plaintiff were decided adversely to his position by our decision in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979) and no further discussion of those issues is necessary here. We find Plaintiff's third argument to be meritless as well.

Article I, Section 17 of the Constitution of Pennsylvania provides that "No *ex post facto law,* nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Our Courts have consistently held that the term "ex post facto" as used in the Constitutions of the United States and Pennsylvania applies *only* to penal statutes and "may be defined as [a law] which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment or changes the rules of evidence by which less or different testimony is sufficient to convict. . . ." *Myers v. Lohr,* 72 Pa. Superior Ct.

472, 474 (1919); *see also Padgett v. Stein,* 406 F. Supp. 287, 300-01 (M.D. Pa. 1975) and *Black's Law Dictionary* 662 (Rev. 4th ed. 1968).

Having concluded that the term "ex post facto" as used in Article I, Section 17 of the Constitution of Pennsylvania is not applicable to the case at bar, we next consider the applicability of the remainder of the language in Section 17. We said in *Brungard v. Hartman, supra,* that our Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways, supra,* did not provide prospective plaintiffs with a vested right to sue the Commonwealth. Act 152 neither impairs a contractual obligation nor disturbs a vested right of the parties in this case, and, therefore, is not unconstitutional. *See Roy v. Jones,* 349 F. Supp. 315, 323 (W.D. Pa. 1972), *aff'd,* 484 F.2d 96 (3d Cir. 1973) and *Smith v. Fenner,* 399 Pa. 633, 641, 161 A.2d 150, 154 (1960).

The Department's preliminary objections are sustained and Plaintiff's complaint is dismissed.[1]

Judge CRUMLISH, JR. dissents.

### ORDER

AND Now, this 19th day of September, 1979, the preliminary objections of the Defendant, Pennsylvania Department of Transportation are sustained and the complaint of Plaintiff, Richard Kastner, is dismissed.

---

[1] Plaintiff's complaint fails to allege a cause of action which would fall within any of the eight exceptions to the sovereign immunity defense provided by Section 2 of Act 152, 42 Pa. C.S. §5110.

---

DISSENTING OPINION BY JUDGE DISALLE:

I respectfully dissent for the reasons set forth in my dissenting opinion in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).