Valley Center, Inc. for Mental Health v. A. Russell Parkhouse et al.

Aileen Rothbard v. A. Russell Parkhouse et al.
Valley Center, Inc. for Mental Health and Aileen Rothbard, Appellants.

Valley Center, Inc. for Mental Health v. A. Russell Parkhouse et al.

Aileen Rothbard v. A. Russell Parkhouse et al.
Valley Center, Inc. for Mental Health and Aileen Rothbard, Appellants.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

454

*Robert Redler, Hamburg, Rubin, Mullin & Maxwell,* for appellants.

*Logan M. Bullitt, IV,* Assistant County Solicitor, for appellees.

Opinion by Judge Mencer, November 17, 1981:

Valley Center, Inc. for Mental Health and Aileen Rothbard (petitioners) have appealed from an order of the Court of Common Pleas of Montgomery County which denied a request for a preliminary injunction against A. Russell Parkhouse, et al., members of the Board of Commissioners of Montgomery County. We affirm.

In this action, an unsuccessful bidder and a taxpayer seek to enjoin the execution of a contract awarded by the Montgomery County Commissioners for the operation of certain employment counseling and training centers under the Comprehensive Employment and Training Act, 29 U.S.C.A. §§801-999. The disputed contract became effective on October 1, 1980 and expired on September 30, 1981.[1]  A detailed recitation of the facts may be found in the able opinion of the Honorable ANTHONY I. SCIRICA in *Valley Center, Inc. for Mental Health v. Parkhouse,* 108 Montg. 368 (C.P. Pa. 1981).

In cases such as this,

our scope of review is narrowly limited to a determination, following examination of the record, of whether there are any apparently reasonable grounds to support the order of the court below.  Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp., 450 Pa. 367, 301 A.2d 816 (1973).  '[U]nless it is clear that no reasonable grounds existed or that the rules of law relied upon are palpably wrong or clearly inapplicable, the merits of the case or the reasons for or against the lower court's action cannot be considered.'  Mudd v. Borough of Rankin, 28 Pa. Commonwealth Ct. 33, 35, 367 A.2d 338, 339 (1976).  Put another way, we may inquire only as to whether the court below committed a manifest abuse of discretion.  Rush

---

[1] The Commissioners of Montgomery County assert that the case is moot because the contract will have expired before this decision is filed.  The petitioners respond with the contention that the case represents an "abuse which would be capable of continued repetition yet escape review." Petitioners' brief at 30. We have not considered this immediate issue since we find the appeal to be without merit.

v. Airport Commercial Properties, Inc., 28 Pa. Commonwealth Ct. 51, 367 A.2d 370 (1976) (allocatur denied).

Three criteria have been established for the granting of a preliminary injunction, which, as a harsh and extraordinary remedy, is to be granted only when and if *each* criteria has been fully and completely established. Credit Alliance Corp., *supra;* Gillette Co. v. Master, 408 Pa. 202, 182 A.2d 734 (1962). They are: (1) the preliminary injunction must be necessary to prevent immediate and irreparable harm which could not be compensated for by damages; (2) greater injury would result from the denial of the preliminary injunction than from the granting of it; and (3) it would operate to restore the parties to the status quo as it existed prior to the alleged wrongful conduct. In addition to meeting all three criteria, the court must be convinced that plaintiffs' right to a preliminary injunction is clear, Credit Alliance Corp., *supra;* Rush, *supra,* and general equity jurisdiction must be warranted. (Emphasis in original.)

*Committee of Seventy v. Albert,* 33 Pa. Commonwealth Ct. 44, 49, 381 A.2d 188, 190 (1977).

Judge SCIRICA found that the petitioners did not satisfy the first and second of these criteria. *Valley Center, Inc.,* 108 Montg. at 373-74. Based upon the evidence set forth in the record, we cannot say that the court below abused its discretion when it denied preliminary injunctive relief.

Order affirmed.

ORDER

AND Now, this 17th day of November, 1981, the order of the Court of Common Pleas of Montgomery

County, dated October 29, 1980, which denied injunctive relief to Valley Center, Inc. for Mental Health and Aileen Rothbard against A. Russell Parkhouse, et al., is hereby affirmed.