Robert T. Wood, Appellant *v.* City of Pittsburgh, a municipal corporation and Paul J. Imhoff, Superintendent of Bureau of Building Inspection, Appellees.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Robert T. Wood,* appellant, for himself.

*Kathryn E. Hanna Katsafanas,* Assistant City Solicitor, with her *D. R. Pellegrini,* City Solicitor, for appellees.

OPINION BY JUDGE WILLIAMS, JR., May 25, 1983:

Robert T. Wood (appellant) appeals from an order of the Court of Common Pleas of Allegheny County granting the City of Pittsburgh's (city) request for a preliminary injunction restraining appellant from occupying or using his apartment building[1] in violation of the city's Building Code requirement that

---

[1] While we are cognizant of the rule that confines an appellate court to the record before it, thus excluding from consideration facts asserted in briefs, *City of Erie v. Pennsylvania Public Utility Commission,* 41 Pa. Commonwealth Ct. 194, 398 A.2d 1084 (1979), the sparse record before us (lacking, *inter alia,* information about the story height, nature of occupancy and type of construction of petitioner's building) compels us to rely on the city's brief for uncontroverted background information.

buildings of appellant's type have two means of egress from each story.[2]

On January 1981, the city filed a Complaint in Equity requesting preliminary and permanent injunctions enjoining appellant from occupying, altering or using the subject property in violation of the Building Code. By preliminary objections, appellant alleged selective enforcement and harassment by the city, and asserted that the Building Code provisions should not be applied retroactively to appellant's property which was constructed prior to the enactment and effective date of the Code. Appellant failed to specifically deny the city's averment that his building had only one means of egress.

On April 13, 1981, a preliminary injunction hearing was held at which counsel for the city and appellant, representing himself, attended. Without taking testimony and upon consideration of the complaint, preliminary objections and oral arguments the court

The subject property is a two and one-half story brick veneer apartment building housing three living units and one interior stairway. Petitioner's building was constructed and occupied prior to the effective date of the city's Building Code, November 4, 1947.

[2] Section 1057.04(g) (3) of the Building Code provides in pertinent part:

The minimum number of exitways to be provided from each occupancy classification shall be as follows:

(3) In buildings of Type VI wood frame or brick veneer construction for Group C-3 Occupancy only, erected before November 4, 1947, two (2) means of exit shall be required; in the case of only one (1) interior stairway, a second means of exit shall be provided via a metal or wood fire escape, accessible from each story.

On July 5, 1981, the city adopted the Building Officials and Code Administrators Basic Building Code (BOCA) which imposes requirements identical to that of the superseded Building Code of 1947 on appellant's building. Section 809.2 of the BOCA Code provides that the minimum number of exits for buildings with an occupancy of five hundred or less is two.

found appellant to be in violation of the Building Code for failing to provide a second means of egress, and ordered appellant to install a second exit within thirty days of the entry of the order or vacate the top floor.[3]

In raising a plethora of questions,[4] appellant properly raises two issues for our consideration. First, appellant contends that the city may not retroactively apply the minimum egress provisions of the Building Code to buildings constructed prior to the Code's ef-

---

[3] Although the hearing was designated a "Preliminary Injunction" hearing, the court's decree was entitled "Order of Court" and appears to be a final adjudication on the merits of the only issue before the court: whether appellant's building was in violation of the pertinent Building Code provision requiring two means of egress. *See, School District of Pittsburgh v. Pittsburgh Federation,* 31 Pa. Commonwealth Ct. 461, 473, 376 A.2d 1021, 1027 (1977). In reversing *School District of Pittsburgh,* however, the Pennsylvania Supreme Court required proper notice and an agreement or stipulation before a preliminary injunction hearing could be considered later to have been a final hearing. *School District of Pittsburgh v. Pittsburgh Federation,* 486 Pa. 365, 373-74, 406 A.2d 324, 328 (1979). A review of the record fails to disclose either an agreement between the parties that the April 13, 1981 hearing was final and not preliminary or notice to that effect.

[4] Appellant raises thirteen questions in the "Statement of Questions Involved" portion of his brief. The great majority of the issues were not raised before the court below therefore they must be considered waived. Pa. R.A.P. 302(a). Additionally, appellant failed to address these same questions in the "Argument" portion of his brief, providing an additional basis for deeming these claims to be waived. *Commonwealth v. Jackson,* 494 Pa. 457, 431 A.2d 944 (1981).

Appellant does not claim that he was denied the opportunity to present testimony on his own behalf. Absent factual disputes and a request for an opportunity to present testimony, no necessity exists for an evidentiary hearing prior to the issuance of a preliminary injunction. Pa. R.C.P. No. 1531(a). *Cf. Veneziale v. Raudenbush,* 43 Pa. Commonwealth Ct. 263, 402 A.2d 295 (1979) (Chancellor improperly denied parties' *request* for right to cross-examine witnesses and offer testimony on their own behalf).

fective date; and, second, that the city engaged in selective enforcement of the Building Code.[5]

In an appeal from a granting of a preliminary injunction our scope of review is

> narrowly limited to a determination, following examination of the record, of whether there are any apparently reasonable grounds to support the order of the court below. . . . Unless it is clear that no reasonable grounds existed or that the rules of law relied upon are palpably wrong or clearly unapplicable, the merits of the case or the reason for or against the lower court's action cannot be considered. . . . [W]e may inquire only as to whether the court below committed a manifest abuse of discretion. . . .

*Valley Center, Inc. v. Parkhouse,* 62 Pa. Commonwealth Ct. 453, 455, 437 A.2d 74, 75 (1981) (citations omitted) (quoting *Committee of Seventy v. Albert,* 33 Pa. Commonwealth Ct. 44, 49, 381 A.2d 188, 190 (1977)).

Appellant primarily contends that the application of Building Code provisions to his property contravenes Article I, Section 9 of the United States Constitution which forbids *ex post facto* laws. In *Kastner v. PennDOT,* 46 Pa. Commonwealth Ct. 97, 99, 405 A.2d 1133, 1134 (1979) we stated that

---

[5] Although not included in the "Statement of Questions Involved" portion of his brief, in a supplemental brief appellant challenges the granting of the preliminary injunction because the city failed to adduce evidence of Building Code violations in the hearing below. This claim is meritless since Pa. R.C.P. No. 1531(a) permits the granting of preliminary injunctions on the basis of the averments of the pleadings or of such proof as the court may require. Furthermore, by preliminary objections and at the hearing, appellant admitted all well-pleaded facts in the complaint. *See, Philadelphia Minit-Man Car Wash v. Building and Construction Trades Council,* 411 Pa. 585, 192 A.2d 378 (1963).

the term "ex post facto" as used in the Constitutions of the United States and Pennsylvania applies *only* to penal statutes and "may be defined as [a law] which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment or changes the rules of evidence by which less or different testimony is sufficient to convict. . . ." (Emphasis in original.)

*Myers v. Lohr,* 72 Pa. Superior Ct. 472, 474 (1919). Since the case *sub judice* does not involve the imposition of penal sanctions, the constitutional prohibition of *ex post facto* laws is not applicable. *See, Padgett v. Stein,* 406 F. Supp. 287, 299-301 (M.D. Pa. 1975) (not an impermissible retroactive application of law to require that a building erected prior to the effective date of the Fire and Panic Act[6] be brought into compliance with the regulations promulgated thereunder).

Appellant next claims that the city engaged in selective enforcement of the Building Code. No evidence showing discriminatory enforcement by the city of its Building Code provisions was adduced at the hearing by appellant. Thus, appellant's claim, being a mere assertion, is without merit.

The Court's order is hereby affirmed.

ORDER

AND Now, this 25th day of May, 1983, the order of the Court of Common Pleas of Allegheny County, dated April 15, 1981, granting preliminary injunctive relief to the City of Pittsburgh and Paul J. Imhoff against Robert T. Wood is hereby affirmed.

---

[6] Act of April 27, 1927, P.L. 465, *as amended,* 35 P.S. §§1221-1235.