William C. Adler et al., Appellants *v.* Township of Bristol et al., Appellees.

Argued April 4, 1984, before Judges ROGERS, CRAIG and BARRY, sitting as a panel of three.

*Marc D. Jonas,* for appellants.

*Clyde W. Waite,* for appellee, Bristol Township.

*James A. Downey, III, Begley, Carlin & Mandio,* for appellee, Penn Sanitation Corporation.

OPINION BY JUDGE CRAIG, June 4, 1984:

William C. Adler, Lois R. Adler, and J. P. Mascaro and Sons, Inc. appeal from an order of the Court of Common Pleas of Bucks County which denied their petition for a preliminary injunction to restrain the Township of Bristol from signing a three-year refuse collection contract with Penn Sanitation Corporation.

We must determine whether reasonable grounds support President Judge GARB's denial of that petition, *Valley Center, Inc. for Mental Health v. Parkhouse*, 62 Pa. Commonwealth Ct. 453, 437 A.2d 74 (1981).[1]

In accordance with section 1802 of the First Class Township Code,[2] the Township of Bristol advertised for bids on a contract to collect and dispose of solid waste. The contract was to begin on January 1, 1983, and run for three years. The Mascaro Company had held a refuse collection contract with the township during 1977-79, and Penn Sanitation had performed such collection under a contract spanning 1980-82. Only those two companies submitted bids for the 1983-85 contract, and Mascaro's bid was lower than Penn's for each of the three years and for the total contract price.[3] In support of their status as responsible bid-

---

[1] The respondents also argue on this appeal that Mascaro, as the disappointed bidder, has no standing to seek a preliminary injunction against the award of the contract to another company. However, respondents did not raise lack of standing in their answer to the petition for preliminary injunction, and the trial court made no ruling on the issue. Although the defendant's preliminary objections (to the complaint) raised the point, we do not consider it to be before this court on review of the denial of the preliminary injunction.

[2] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56802.

[3] Mascaro bid $955,524 for each of the three years, with a total contract price of $2,866,572. Penn Sanitation bid $990,840 for 1983, $995,640 for 1984, and $999,480 for 1985, with a total contract price of $2,985,960. The trial court inadvertently stated that Penn Sanitation was the low bidder for 1983.

ders, both companies submitted completed questionnaires and letters of recommendation from other customers and financial institutions. On November 17, 1982, the Bristol Township Commissioners held a public meeting to hear views on the award of the refuse collection contract. Both companies had proponent citizens who spoke in their favor at the meeting, and Mascaro also had its representative, its attorney and an agent from its bonding company address the group. The commissioners questioned them about pending lawsuits filed by Mascaro against the township on the 1977-79 contract, and about the criminal convictions of two past officers of the company. After open discussion, the commissioners authorized the award of the contract to Penn Sanitation.

On December 20, 1982, William and Lois Adler, who are citizens and taxpayers of the Township of Bristol, and J. P. Mascaro and Sons, Inc. filed their complaint in equity with the Court of Common Pleas of Bucks County, and this petition for preliminary injunction against the award to Penn Sanitation. The township then had not actually executed the 1983-85 contract, and the 1980-82 contract with Penn Sanitation was still in effect. After four days of hearings, the court issued the preliminary injunction denial here contested.

The prerequisites to obtaining a preliminary injunction are familiar: (1) immediate and irreparable harm not compensable by damages; (2) greater injury resulting from a refusal of the injunction than from a grant of it; (3) effectiveness of an injunction to restore the status quo; and (4) an actionable wrong abatable by the injunction. *Leonard v. Thornburgh*, 75 Pa. Commonwealth Ct. 553, 463 A.2d 77 (1983). Moreover, the petitioner's right must be clear and the wrong manifest. *A.F.S.C.M.E. v. Commonwealth*, 77 Pa. Commonwealth Ct. 37, 465 A.2d 62 (1983).

Mascaro argues that the township has deprived it of its constitutionally protected right to pursue a livelihood without due process of law, *Mazzocone v. Willing*, 246 Pa. Superior Ct. 98, 369 A.2d 829 (1977), *rev'd on other grounds*, 482 Pa. 377, 393 A.2d 1155 (1978), and that such action constitutes immediate and irreparable harm. Therefore, Mascaro sought to enjoin the township from awarding the contract to Penn Sanitation while the issue of "responsibility" was properly determined in a fair hearing with adequate notice—constitutional protections which, Mascaro argues, the commissioners' public meeting did not afford.

We question the applicability of the constitutional right to pursue a livelihood to the facts presented here, believing that right to relate to protection from governmental action which altogether prevents someone from earning a livelihood in a particular field. *See, e.g., Shigon Appeal*, 462 Pa. 1, 329 A.2d 235 (1974) (an attorney disbarred without a hearing is deprived of the right to pursue a livelihood without due process of law). We need not resolve that issue, however, because as President Judge GARB correctly noted, whatever wrong Mascaro may have is compensable by money damages.

Moreover, we note that Mascaro's case did not establish that issuance of the injunction was reasonably suited to abate the alleged violation of its constitutionally protected rights. The most that the trial court could have done was to enjoin the award to Penn; it could not have compelled the township to award the contract to Mascaro. *Zurenda v. Commonwealth*, 46 Pa. Commonwealth Ct. 67, 405 A.2d 1124 (1979).

Recognizing the interests of the plaintiff-taxpayers as well as that of Mascaro, we must conclude that the evidence failed to establish that denial of the in-

junction would result in greater injury than granting it, and that it would maintain the status quo while the responsibility issue was being resolved. We agree with President Judge GARB that quite the opposite would have resulted from granting the injunction: From December 31, 1982, the township would have been left without any contract for refuse collection, resulting in an unquestionably greater injury than awarding the contract to Penn. Furthermore, the injunction would not have resulted in restoration of the status quo as it existed immediately before the new contract was signed; Penn was then under contract with the township.

We conclude that the trial court's order denying the petition for preliminary injunction is based on reasonable grounds, and accordingly affirm.

### ORDER

Now, June 4, 1984, the order of the Court of Common Pleas of Bucks County, Civil Action, Equity at No. 82-9114-05-5—In Equity, dated December 13, 1982, is affirmed.