## Lower Mount Bethel Township v. Dell Beni

*Christopher T. Spadoni,* for plaintiff.
*Stephen B. Molder,* for defendants.

WILLIAMS, *P.J.,* November 17, 1989 — This action raises the question of whether a property owner may lawfully maintain goats as pets in a residential area of Lower Mount Bethel Township. The township initially filed a summons before a district justice for an alleged violation of the Zoning Code. Following that hearing, the township filed the present complaint in equity seeking an injunction.

After several attempts to resolve the matter by conference, an interim order was entered by stipulation under which the defendants agreed to remove the four younger goats from the premises within 30 days and the two older goats within 90 days from March 8, 1989, without prejudice to the legal rights of the parties. The first condition was met; the second was not and the matter was scheduled for non-jury trial. At that point the parties agreed to submit the matter to the court on a stipulation of facts as proposed by the defendants. Accordingly, we find as follows.

## FINDINGS OF FACT

(1) Frank A. Dell Beni Jr. and Beverly A. Ryan-Dell Beni are the owners of a parcel of real property situated within the Village of Martins Creek, Township of Lower Mount Bethel, Northampton County, Pennsylvania, more fully described in Deed Book Volume 743, page 312 in the Office of the Recorder of Deeds of Northampton County, being zoned medium density pursuant to Lower Mount Bethel Township zoning ordinance.

(2) The original 1972 Lower Mount Bethel Township Zoning Ordinance 541.02 allowed animal husbandry and the raising and keeping of farm pets.

(3) On or about September 12, 1977, ordinance 541.02 was amended to disallow animal husbandry and the raising and keeping of farm pets.

(4) Section 1170 of the Lower Mount Bethel Zoning Ordinance provides that duly-certified copies of the ordinance and the amendments shall be filed in the township secretary's office and the zoning officer's office and shall be open to public inspection.

(5) When an original ordinance is passed in the Township of Lower Mount Bethel, it is placed in the ordinance book.

(6) Lower Mount Bethel Township has published and made available the original Lower Mount Bethel zoning ordinances in a bound publication.

(7) When an ordinance is amended, that amendment is placed in a separate file. The newer records are housed in the township office; the older records are stored uncatalogued in the basement of the township building.

(8) The minutes of the township supervisors meeting are located in the township secretary's office and reflect the passage of an amendment;

however, the actual amendment of the ordinance itself is maintained in a separate file.

(9) The amendment was not filed in the township secretary's office or in the Office of the Zoning Administrator and was not available for public inspection. In addition it was not placed in the zoning ordinance book offered for sale at the township offices.

(10) The printed publication that is sold at the township office to the public, and specifically sold to defendants in this matter, did not contain the amended ordinance 541.02.

(11) Prior to purchasing subject premises defendants contacted the Lower Mount Bethel Township Office to request all relevant information regarding the regulation of animals and was informed by the secretary that those regulations are found in the zoning ordinance book.

(12) Defendants checked the ordinance book which contained the original 1972 ordinance 541.02 allowing animal husbandry.

(13) Prior to defendants' purchase of the premises in February 1988, they visited the home and area on several occasions beginning in June 1987.

(14) On each of these occasions defendants observed chickens housed on the property directly behind the subject premises as well as on another property to the east.

(15) On the occasions defendants visited the property prior to their purchase of it, they also observed 20 to 40 pigeons housed in the premises located to the east of the subject premises.

(16) At the time defendants visited and examined the subject premises, the previous homeowner was housing approximately 100 pigeons in the shed which is now occupied by the goats.

(17) In or about February 1988, defendants purchased the subject property in Lower Mount Bethel Township.

(18) When defendants moved into the subject premises, the previous homeowners' pigeons remained on the premises for approximately three to four weeks. On or about March 15, 1988, the pigeons were removed by the prior owners and the defendants immediately brought in two mature goats and four young goats and placed them in the shed previously occupied by the pigeons.

(19) Defendants relied upon the zoning ordinance book made available and sold at the Office of Lower Mount Bethel Township plus their observations of the surrounding neighborhood to purchase their property in anticipation of maintaining their pet goats.

(20) In the early part of May 1988, the township zoning officer visited the premises of the defendants to inform them that the goats could not remain on the property.

(21) Defendants repeatedly asked the township's secretary and zoning officer for a copy of the amendment, but they were told it could not be located.

(22) Defendants received an actual copy of the amendment on July 28, 1988, at the hearing before District Justice Grigg for the zoning violation.

## DISCUSSION

The legal issues raised by this pastoral scene are whether an ordinance must be recorded or attached to the township's ordinance book and available to the public for inspection before it can be enforced and whether the ordinance is invalid or may be enforced once recordation and proper public notice is given.

The township's right to seek injunctive relief to enforce its zoning ordinance is clear under section 617 of the Municipalities Planning Code, 53 P.S. §10617.

As the findings of fact indicate, the Lower Mount Bethel Township zoning ordinance originally permitted animal husbandry and the raising and keeping of farm pets in a residential district. The amendment to prohibit these activities was properly adopted by the supervisors. However, the municipal authorities failed to record the amendment in the township ordinance book contrary to the requirement of the Second Class Township Code, 53 P.S. §65741.

Nor was the amendment included with the zoning ordinance as required by section 1170 thereof:

"Duly-certified copies of this ordinance and of the zoning map which forms a part thereof, together with copies of *all amendments* hereto, shall be filed in the township secretary's office and in the zoning officer's office, it shall be open to public inspection." (emphasis supplied)

The amendment was not included in the zoning ordinance published by the township and, although defendants inquired at the township offices prior to purchasing their property, they were not advised of the amendment in question until the present proceedings were instituted.

Defendants contend that under these facts the township should be precluded from enforcing the ordinance against them since it was not properly recorded or available to the public. The township's brief appears to concede that the ordinance was not recorded as required by either the Second Class Township Code or its zoning ordinance, but urges that, since defendants were furnished with a copy of the ordinance when the summary violation charges

were instituted, they are no longer entitled to continue to violate the ordinance. There appears to be no appellate precedent to resolve these issues.

Section 65741 of the Second Class Township Code relating to the adoption of ordinances provides that "[s]uch ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption." The Borough Code, 53 P.S. §46008, and the First Class Township Code, 53 P.S. §56501, both contain the additional provision that an ordinance shall not be considered in force until it has been recorded in the ordinance book. In *West Conshohocken Borough Appeal,* 405 Pa. 150, 173 A.2d 461 (1961), the Supreme Court held that an ordinance which had not been recorded, in the legislative sense, was invalid. The court stated that:

"The essential purpose behind the legislative provisions providing for recordation is that the ordinance be so entered in the ordinance book to insure a permanency of its preservation and the prevention so far as possible of its removal from the book."

In *Weaver v. Brandywine Township,* 43 D.&C. 2d 309 (1967), the Chester County Court of Common Pleas relied on that philosophy to strike down a second class township ordinance despite the difference in the statutes. In what we consider to be a well-reasoned opinion, Judge Kurtz concluded that ordinances of a second class township* must also be recorded before they can be given effect. See also, *Boyle v. Beck,* 53 D.&C. 2d 755 (1968), involving the First Class Township Code.

The present case makes the need for such a rule abundantly clear. The public has the right to rely on

---

* The exception for zoning ordinances referred to in that opinion is no longer relevant.

the ordinance books and the zoning code as published by the municipality. For 11 years after its adoption the ordinance here was not located where the public could find it. And there is no indication in the stipulated facts to suggest that the error has been corrected even now. Accordingly, we conclude that the amendment to the zoning code disallowing animal husbandry and the keeping of farm pets cannot be enforced until it is properly recorded.

The township argues that (assuming the amendment is properly recorded) it is now entitled to enforce the ordinance against defendants since they have received notice of it. Such equitable relief would not be penal in nature and would not constitute the exercise of an ex post facto law contrary to Article I, section 17 of the Constitution of the commonwealth. See *Wood v. City of Pittsburgh,* 74 Pa. Commw. 450, 460 A.2d 390 (1983). However, it is well-established that zoning ordinances must provide for the continuation of nonconforming uses of the land. "The continuation of nonconforming uses under zoning ordinances is countenanced because it avails the imposition of a hardship upon the property owner and because the refusal of the continuance of a nonconforming use would be of doubtful constitutionality": *Hanna v. Board of Adjustment,* 408 Pa. 306, 312, 183 A.2d 539, 543 (1962); *Boyle, supra.*

We conclude that law and equity require that the amendment may only be applied prospectively from the time of its proper recording and that defendants are entitled to maintain the goats presently on their property as a lawful nonconforming use. It should be noted that the doctrine or principles applicable to a public nuisance are not raised in this litigation.

## CONCLUSIONS OF LAW

(1) The ordinance of Lower Mount Bethel Township adopted September 12, 1977, amending section 541.02 of the township zoning ordinance has not been properly recorded and may not be enforced until so recorded.

(2) The amendment when recorded may not be enforced against defendants since their use of their property to maintain the goats is a lawful use until the ordinance is validated and is a lawful nonconforming use thereafter.

(3) The township is not entitled to equitable relief.

## DECREE NISI

And now, November 17, 1989, the complaint is dismissed. Costs are placed upon the plaintiff.

The prothonotary shall give written notice of this decree nisi to each party who has appeared or to his or her attorney of record. If no exceptions are filed within 10 days, this decree nisi shall be entered as a final decree.

