Raymond Petro and Richard K. Weisser, Appellants *v.* Kennedy Township Board of Commissioners et al., Appellees.

Argued December 4, 1979, before Judges CRUMLISH, JR., MENCER, DISALLE, CRAIG and MACPHAIL. President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT did not participate.

*Theodore O. Dix Koshoff,* with him *Cheryl Forzley Donohue,* for appellants.

*Joseph J. Pass, Jr.,* of *Jubelirer, Pass & Intrieri,* for appellee.

OPINION BY JUDGE MACPHAIL, February 11, 1980:

Raymond Petro and Richard K. Weisser (Appellants) appeal to this Court from orders entered by the Court of Common Pleas of Allegheny County dated October 12, 1978 and December 15, 1978.

Important to our disposition of this appeal is its present procedural posture. On October 12, 1978, Ap-

pellants filed a complaint in equity and a petition for preliminary injunction alleging that their applications to take a civil service examination for full time police officers had been rejected by the Kennedy Township Civil Service Commission (Commission) because applicants did not meet a durational one year residency requirement in Kennedy Township (Township). On the same date, October 12, 1978,[1] the Chancellor entered an *ex parte* order enjoining the Commission from preventing the Appellants' taking of the examination and setting a hearing for October 23, 1978.[2] In any event, it does not appear from the record that there was a hearing on October 23. However, on October 18, 1978, the parties signed a stipulation of facts and on November 28, 1978, the Chancellor filed an opinion to which was attached the following order:[3]

AND NOW, to wit, this 28th day of November, 1978, upon consideration of the Stipulation of Facts, arguments of counsel and briefs submitted, it is ORDERED, ADJUDGED and DECREED that the Request for a Preliminary Injunction is herewith denied.

On December 15, 1978, Appellants filed *another complaint* in equity to the same number as that assigned to their first complaint[4] stating that they had taken and passed the civil service examination, but

[1] It becomes obvious immediately that Appellants' appeal from the court order dated October 12, 1978 is in error because that order granted Appellants the relief they requested.

[2] Although Pa. R.C.P. No. 1531(d) provides that an injunction granted *ex parte* shall be deemed dissolved unless a hearing is held within five days after the grant of the injunction, we assume that the parties, as permitted by the Rule, agreed to the date of October 23 since no objection was made to the fixing of the later date.

[3] We assume that Appellants intended their appeal to be from this order.

[4] We assume that this is the fact because both complaints and orders accompanied the appeal to this Court. However, the second

since the Chancellor had denied their petition for a preliminary injunction, they now wanted the Commission enjoined, *inter alia,* from enforcing its residency requirement and from hiring any new policemen. On the same date the complaint was filed, the Chancellor noted on the proposed order "Refused" and signed his name.

Appellants raise two issues for our consideration. Procedurally, Appellants argue that the Chancellor erred in issuing a preliminary injunction without holding a hearing, in basing his opinion on facts not of record in the case and in failing to follow strictly the Pennsylvania Rules of Civil Procedure concerning equity actions. Substantively, they argue that the Chancellor erred in finding a one year residency requirement imposed on all applicants for positions with the police department in Kennedy Township to be constitutionally permissible.

Bearing in mind that both orders of the Chancellor, *i.e.* November 28, 1978 and December 15, 1978, denied a *preliminary* injunction, our limited scope of review as stated by Judge MENCER in *Mudd v. Borough of Rankin,* 28 Pa. Commonwealth Ct. 33, 35, 367 A.2d 338, 339 (1976) must be observed:

> Our review of an order refusing a preliminary injunction is limited to a determination of whether there were any apparently reasonable grounds for the action of the court below and, unless it is clear that no reasonable grounds existed or that the rules of law relied upon are

complaint is numbered No. GD 78-2423 rather than No. GD 78-24243. This error is not material to our determination here. The second complaint is *not* an amended complaint. The procedural defect is obvious. Neither the Commission nor the Chancellor have mentioned the problem. Presumably the question of the second complaint's validity will be raised prior to final adjudication.

palpably wrong or clearly inapplicable, the merits of the case or the reasons for or against the lower court's action cannot be considered.

Also, it must be borne in mind that the purpose of a preliminary hearing *after* an *ex parte* injunction has been granted is solely for the purpose of enabling the court to dissolve, continue or modify the injunction. Pa. R.C.P. No. 1531(e). Therefore, though the parties and perhaps the Chancellor assumed that a *final* adjudication on the merits had been entered, that is not the fact.[5] In view of our limited scope of review we need not and will not reach the substantive issue briefed and argued to us.

Appellants' first procedural objection is that the Chancellor erred in not conducting a hearing prior to rendering his November 28 decision. The difficult issue raised by Appellants' argument is not whether they had a right to a hearing on the matter, but whether they failed to assert and, therefore, waived that right. Appellants state in their brief that they did request a hearing during the October 23, 1978 conference. In its brief, the Township states that because there were no disputed issues of fact, the parties agreed to proceed on a stipulation of facts, affidavits, briefs, and argument of counsel. According to the Township, no party was precluded from requesting a hearing if a factual dispute arose but that no such request was ever made. The Chancellor, in his opinion, says nothing about a hearing and the record is devoid of any reference to a request for or waiver of a hearing.

---

[5] Indeed, nothing would have prevented the parties from proceeding to a final adjudication notwithstanding this appeal. See Section 1 of the Act of June 12, 1879, P.L. 177, 12 P.S. §1102, repealed effective June 27, 1980 by Section 2(a) [709] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [709].

The Appellants bear the burden of proving to this Court that the Chancellor erred. *Given v. Given,* 25 Pa. Superior Ct. 467, 472 (1904). They cannot meet that burden merely by stating in their brief that they requested a hearing. Our review of the record in its entirety exhibits no error as far as a hearing is concerned, and

> It is an elementary principle that where error does not appear upon the record or it cannot be determined from the record whether error existed or not the appellate court will not reverse but will presume that everything was regular in the court below.

*Kimelewski v. Commonwealth,* 39 Pa. Superior Ct. 308, 311 (1909). In order to carry their burden, Appellants had merely to petition the Chancellor to enlarge the record to contain evidence showing that they requested a hearing and that their request was denied. They did not do so. They cannot now ask this Court to cure the defects in their approach to this case. *City of Pittsburgh, Milk Marketing Board Appeals,* 7 Pa. Commonwealth Ct. 180, 189, 299 A.2d 197, 201 (1973).

Appellants' second procedural argument is that the Chancellor erred in basing his opinion on facts not of record. Specifically, Appellants object to the Chancellor's statement that

> Police occupy a unique position in the community, and the people have a compelling interest in imposing strict requirements on the selection of police, inasmuch as the lives of the members of the community are entrusted to the protection of those who serve as police officers.

While it is true that this statement is not based on direct testimony of record, it is based, properly, on principles of judicial notice. As we said in *Wells v. Pittsburgh Board of Public Education,* 31 Pa. Commonwealth Ct. 1, 5, 374 A.2d 1009, 1011 (1977), "Ju-

dicial notice is intended, *inter alia,* to avoid the necessity of formally introducing evidence in those limited circumstances where the fact sought to be proved is so well known in the jurisdiction that evidence in support thereof is unnecessary.''

It cannot be disputed that police occupy a unique position in the community or that the lives of the members of the community are entrusted to the local police department. No amount of testimony could have proved this statement more nor could testimony have disproved it. Since there was no hearing in this case and since the role of the police in the community is common knowledge, the Chancellor did not err in basing his opinion on these facts.

Appellants' final procedural argument is that the Chancellor erred by failing to enter a decree nisi as required by Pa. R.C.P. No. 1517, thereby depriving Appellants of the opportunity to file exceptions to the Chancellor's decision. Of course, the Chancellor was not required to file a decree nisi because his orders merely denied a *preliminary* injunction. See Pa. R.C.P. No. 1531(e).

We conclude that there is no merit in Appellants' procedural arguments.

Certainly, the Chancellor's opinion in support of his order of November 28, 1978 amply demonstrates that there were reasonable grounds for his denial of the *preliminary injunction.* We need not and cannot proceed beyond that determination in this appeal. *Mudd v. Borough of Rankin, supra.*

Orders affirmed.

ORDER

AND Now, this 11th day of February, 1980, the Orders of the Court of Common Pleas of Allegheny County Civil Division, dated November 28, 1978, and December 15, 1978, are affirmed.

Judge DiSalle did not participate in the decision in this case.