Commonwealth of Pennsylvania *v.* Walter J. Rippin, Appellant.

Argued December 4, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Richard T. Williams,* for appellant.

*Harold H. Cramer,* with him *Walter A. Criste,* Assistant Attorneys General, *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General.

OPINION BY JUDGE BLATT, February 28, 1980:

Walter J. Rippin (appellant) appeals here from an order of the Court of Common Pleas of Cambria County which sustained the revocation of his driver's license by the Department of Transportation (DOT)

because of his conviction of driving under the influence of liquor. The order of the court below, dated November 17, 1977, was filed by its prothonotary on February 10, 1978. The appellant's sole contention here is that he received inadequate notice of the hearing or hearings concerning his case in the court below. DOT argues, however, that the proceedings below were completely regular and that proper notice was provided in all respects.

The appellant bears the burden of showing that the court below erred, *Given v. Given,* 25 Pa. Superior Ct. 467 (1904), and, absent proof to the contrary, we presume that public officials acted in a proper way. *Moose Lodge No. 145 v. Pennsylvania Human Relations Commission,* 16 Pa. Commonwealth Ct. 433, 328 A.2d 180 (1974). Moreover, the appellant cannot fulfill his burden of showing that the court provided inadequate notice merely by alleging so in his brief. If he wished to allege such error, he had merely to petition the court below to enlarge the record so as to contain evidence showing that he had received inadequate notice. This he failed to do, and he cannot now cure this defect in his case. *Petro v. Kennedy Township,* 49 Pa. Commonwealth Ct. 305, 411 A.2d 849 (1980).

The appellant argues further that the order of the court below dated November 17, 1977 indicates the holding of an additional hearing on that date, of which he likewise claims to have received no notice. We believe, however, that a fair reading of that court's order refutes any such interpretation.[1]

---

[1] The order of the Court of Common Pleas of Cambria County stated:

AND NOW, on this 17th day of November 1977, after hearing and full consideration, the action of the Secretary of Revenue [sic] of the Commonwealth of Pennsylvania in suspending the operator's license of Walter J. Rippin is sustained and affirmed.

ORDER

AND Now, this 28th day of February, 1980, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.