296 Pa. Superior Ct. 54 (1982)
442 A.2d 292
Nicholas J. HABER, a Minor by Elena Haber, his Guardian, and Elena Haber, in her own right, Appellant,
v.
MONROE COUNTY VOCATIONAL-TECHNICAL SCHOOL, Rockwell International Corporation and Warren Balderston Company.
Superior Court of Pennsylvania.
Argued June 2, 1981.
Filed February 26, 1982.
*55 Barry J. Cohen, Stroudsburg, for appellant.
Joseph F. Leeson, Bethlehem, for appellees.
Before McEWEN, MONTEMURO and SHERTZ, JJ.
*56 SHERTZ, Judge:
This appeal is from an Order granting the motion of Appellee, Warren Balderston Company, to be dropped as a party pursuant to Rule 2232(b), Pa.R.Civ.P. Appellants contend that the lower court improperly granted the motion in that it considered facts which were not of record.[1] We agree with this contention and therefore reverse.
Appellant, Nicholas J. Haber,[2] (hereinafter minor Appellant) was injured while assisting in the operation of a tilting arbor saw owned by Monroe County Vocational Technical School (School). At the time, minor Appellant was a CETA employee working at the School. As a result of this injury, the instant action was commenced against several defendants, including Appellee. The complaint included, inter alia, separate counts in assumpsit and trespass, alleging breach of warranty, negligence and strict liability on the part of Appellee as the seller of the machine which injured minor Appellant.
Without filing any pleading, Appellee moved to be dropped as a party defendant pursuant to Rule 2232(b), Pa.R.Civ.P. which provides:
Joinder of unnecessary parties is not ground for dismissal of an action. After notice to all other parties, a party may be dropped by order of the court whenever he has been misjoined or no claim for relief is asserted against him in the action by any other party.
The court below, treating Appellee's motion as a petition,[3] issued a Rule thereon directing Appellants to show cause *57 why Appellee should not be dropped as a party defendant. Appellants filed a sworn answer to Appellee's petition, denying the allegations therein. Appellee then ordered the case for argument on petition and answer.[4] Following argument, the lower court granted Appellee's petition. We conclude that, in so doing, the court erred in that Appellee made no showing that it had been misjoined and the record, properly read, clearly reflects that Appellants have asserted a claim for relief against Appellee.
As to the first basis for dropping a party, as specified by Rule 2232(b), i.e. misjoinder, a misjoinder objection rests on the premise that parties have been improperly joined. Bell v. Beneficial Consumer Discount Company, 241 Pa.Super.Ct. 192, 203, 360 A.2d at 681, 687 (1976). Thus, it has been said:
A misjoinder of parties is distinct from a defect of parties and means an excess of parties. An objection that there is a misjoinder of parties is an objection that persons have been made parties of record to the action who are neither proper nor necessary parties thereto. The term "multifarious" is sometimes used in connection with objections to joinder of parties ...
59 Am.Jur.2d, Parties § 273. We note that Appellee does not contend that it was "misjoined" in the foregoing sense. Consequently, for Appellee to prevail in its efforts to be dropped as a party pursuant to Rule 2232(b), it must establish the alternative ground set forth therein, i.e. that no claim for relief is asserted against it in Appellants' complaint.
*58 In essence, Appellee invoked the Rule on the ground that it cannot be held liable to Appellants because, on December 7, 1971, when the arbor saw in question was sold to the School, Appellant was not yet in existence. Appellee, in its unverified petition, asserts that "it is not properly joined" because another corporation, W.B. School Sales, which at the time of the sale of the saw bore the name Warren Balderston Company and which subsequently sold a portion of its assets and said corporate name to Appellee, actually sold the saw to the school and was therefore the proper defendant. Appellee attached to its petition an unexemplified copy of a New Jersey Certificate of Incorporation, a copy of an Agreement of Sale of Part of Business, and an unexemplified copy of a New Jersey Certificate of Amendment to the aforementioned Certificate of Incorporation. Appellee's petition does not assert that it is not named as a party defendant. Rather, the first paragraph of the petition states: "The Warren Balderston Company (the `new' company)... has been named as a party defendant." (emphasis added). Moreover, and most significantly, Appellee's petition is silent as to whether a "claim for relief is asserted against (it) in the action by (Appellants)".
In granting Appellee's petition, the court below accepted as true, and relied upon, the facts set forth in the petition and the attachments thereto,[5] despite the denial thereof in Appellant's answer to the petition. In so doing the court erred in two significant respects. First, it failed to *59 comply with the requirements of Rule 209(b), Pa.R.Civ.P. See footnote 4, supra. Second, inasmuch as the record does not contain any notes of testimony, nor any other indication that evidence of the foregoing facts was offered, nor any indication, indeed, that any hearing was held, we are compelled to conclude that the court, improperly, took judicial notice of the Agreement of Sale attached to Appellee's petition.
Judicial notice, in the consideration of a Rule 2232(b) petition, as in the case of a demurrer, should be severely limited. In deciding questions arising under the pertinent provision of the Rule in question, the limited function of the court is to consider whether a cause of action is alleged against the moving party. See 59 Am.Jur.2d, Parties, § 278. In light of this limited function, a court "should refrain from noticing any fact which is not literally indisputable and which the parties could not reasonably raise in further pleadings or on argument at trial." Clouser v. Shamokin Packing Company, 240 Pa.Super.Ct. 268, 275, 361 A.2d 836, 841 (1976).
Applying the foregoing principles in the instant case, we shall assume arguendo that, despite the strictures of Rule 209(b), the court below could, permissibly, take judicial notice of the Certificate of Incorporation and the Amendment thereto.[6] However, these documents, in pertinent part, merely establish the incorporation, in New Jersey, on December 15, 1971, of E. & W. Sales Corporation with its initial office at 2659 Nottingham Way, Trenton, New Jersey,[7] *60 which corporation, on December 22, 1971, amended its Certificate of Incorporation to reflect a change in the corporate name to "Warren Balderston Co." These documents do not establish, nor do they even suggest, the following "findings," apparently made by the court, as reflected in its Opinion, See footnote 5, supra: (a) that there ever existed another Warren Balderston Company; (b) that it was "the `Old Company'"; (c) that the old company sold the machine in question; (d) that on December 22, 1971, the old company sold its non-school business and the use of its corporate name to the E. & W. Sales Corporation; (e) that E. & W. "acquired" the name Warren Balderston Company; (f) that the old company changed its name to W.B. School Sales Company; and (g) that Appellee is the "new" Warren Balderston Company. The court could discern these "findings" only from the third of the documents attached to Appellee's petition, the Agreement of Sale.
Under the principles limiting judicial notice, as discussed above, as well as under established principles of law relating to judicial notice generally, the court below was precluded from taking judicial notice of the agreement of sale in question. "Judicial notice is intended, inter alia, to avoid the necessity of formally introducing evidence in those limited circumstances where the fact sought to be proved is so well known in the jurisdiction that evidence in support thereof is unnecessary." Petro v. Kennedy Township Board of Commissioners, 49 Pa.Commw.Ct. 305, 311, 411 A.2d 849, 852 (1980). Moreover, disputed questions of fact are not within the domain of judicial notice. Chaplin v. Pelton, 282 Pa.Super.Ct. 487, 490, 423 A.2d 8, 9 (1980). Absent the information set out in the agreement of sale, the lower court had no basis, whatever, for granting Appellee's petition. See Geary v. English, 2 D. & C.2d 241 (1977).
Putting aside the matters improperly considered below, the pertinent inquiry remains: does Appellants' complaint *61 assert a claim for relief against Appellee. Reference to the complaint demonstrates that it does.[8] Consequently the court below erred in dropping Appellee as a party.
Order vacated and case remanded for further proceedings consistent with this Opinion. Jurisdiction is not retained.
McEWEN, J., did not participate in the consideration or decision of this case.
Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.
NOTES
[1] Because we agree with this contention, we do not reach the remaining issues raised by Appellant.
[2] At the time of the injury giving rise to this action, Appellant, Nicholas J. Haber, was a minor. This action was commenced on his behalf by his mother who also sued in her own right.
[3] The lower court properly treated Appellee's "motion" as a petition and issued a Rule thereon. In any event, "Rule (209, Pa.R.Civ.P.) applies to motions in the nature of a petition. . ." Goodrich-Amram 2d, § 209:1.1. Therefore, regardless of Appellee's nomenclature, Rule 209 is applicable.
[4] Rule 209(b), Pa.R.Civ.P., reads, in pertinent part:

Duty of Petitioner to Proceed After Answer Filed
If, after the filing and service of the answer, the moving party does not within fifteen days:
.....
(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); .... (emphasis added)
Inasmuch as Appellee did, within fifteen days, order the case for argument upon petition and answer, the parenthetical language of the Rule applies.
[5] In its opinion, the court stated:

On December 7, 1971, the original Warren Balderston Company (the "Old Company") sold a machine to the Monroe County Vocational-Technical School. Allegedly, on August 3, 1978, this machine was the cause of certain damages incurred by the Plaintiffs. On December 22, 1971, the Old Company sold its "non-school business" and the use of its corporate name to the E. & W. Sales Corporation ("E. & W."). That same day E. & W. amended its certificate of incorporation with the Secretary of State of New Jersey so as to assume the newly acquired name of "Warren Balderston Company" (hereinafter referred to as the "New Company"). For its part, the Old Company changed its name to W.B. School Sales Company and retained its "school business" related interests.
T.C. Slip Op. at 1-2.
[6] We note the similarity between the pertinent segment of Rule 2232(b), Pa.R.Civ.P. and a demurrer raised by preliminary objection. Although this similarity arguably suggests, therefore, that a party seeking relief under Rule 2232(b) Pa.R.Civ.P. is limited, as in a demurrer, to the facts alleged in the complaint, Satchell v. Insurance Placement Facility of Pennsylvania, 241 Pa.Super.Ct. 287, 291, 361 A.2d 375, 377 (1976), we need not, and do not, decide the question.
[7] Appellee is identified in Appellant's complaint as a Pennsylvania Corporation with its principal place of business situated at 325 North Willow Street, Trenton, New Jersey.
[8] In the "Second Count, In Assumpsit," Appellants aver, in pertinent part, that: Appellee, at all pertinent times, was engaged in the business of sales and distribution of the arbor saw in question (para. 6); minor Appellant was injured due to the operation of the saw (para. 8); the School defendant purchased the saw through Appellee (para. 15); Appellee expressly and/or impliedly warranted that the saw was merchantable and fit for the particular purpose for which Appellee knew or had reason to know was contemplated by the School defendant and minor Appellant's employer, CETA (para. 16); the saw was not merchantable nor fit for the particular purpose for which it was to be used (para. 17); minor Appellant's injuries were caused by Appellee's breach of warranty (para. 18).

In the "Fifth Count, In Trespass," Appellants aver, in pertinent part, that: the saw was expected to and did reach the user or consumer in the condition in which it was sold and delivered by Appellee, in which condition it was defective and unreasonably dangerous (para. 31); in the alternative, a piece of lumber was ejected from the blade of the saw as a direct result of Appellee's negligence (para. 32); minor Appellant's injuries were caused by Appellee's negligence (para. 33).