Robert McCLUSKEY, Michael Krestynick, Joseph Jordan, William M. Piersol, Carl West, Walter Eachus, Irma Eachus, Bob Merkley, John Geisinger, Mabel Fink, Jules Hull, Clarence Moyer, Randy Dotterer, Dennis Leister, Sue Leister, Thomas Valenti, Greg Rusling, Thomas Jordan, Shirley Jordan, Bruce Rodgers, Pat Rodgers, Richard Pennington, Elaine Pennington, Kenneth Whitham, Carol Whitham, Bruce Stoudt, Tami Hood, Lou Sabo, Robert Weller, Julia Weller, James Diamond, Sue Diamond, Ron Eshbach, Marion Eshbach, Harvey Kline, Dorothy Kline, Richard Huber, Cinthia Huber, Gerald M. Fronheiser, Jr., Joseph Viola, Marybeth Viola, Brenda Snyder, Robert Snyder, Edmond Littlefield, Barbara Littlefield, William Benfield, Gertrude Benfield, Scott R. Herbst, Steve Kanter, Sue Kanter, Laverne Maute, Joan Maute, Chester Moser, Helen Moser, Craig Richards and Sally Richards, Appellants,

v.

**WASHINGTON TOWNSHIP and Washington Township Municipal Authority.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 18, 1997.

Decided Sept. 3, 1997.

Gary P. Lewis, Collegeville, for appellants.

Jennifer M. McHugh, Harrisburg, for appellee, Washington Township Municipal Authority.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

The above-named individuals (collectively, "Appellants") appeal from an order of the Court of Common Pleas of Berks County (trial court) denying their request for an emergency preliminary injunction to prevent Washington Township (Township) and the Washington Township Municipal Authority (Authority) from forcibly connecting the Appellants' homes to the sanitary sewage disposal system currently being constructed by the Authority. We affirm.

The Authority is a municipal authority created for the purpose of constructing and managing a sanitary sewer system in the Township pursuant to the Municipality Authorities Act of 1945(Act).[1] Appellants are an unincorporated association of residents of the Township who oppose the construction of the sewer system.

In their Second Amended Complaint, filed in both law and equity with the trial court on June 4, 1996, Appellants allege that approval for the construction of the sewer system was void due to various procedural flaws and that the Authority acted in bad faith and abused its power by misrepresenting the need for the sewer system to the residents of the Township for the personal benefit of select members of the Authority.

After a somewhat lengthy procedural history, including the filing and overruling of preliminary objections, the filing of an answer to the Second Amended Complaint and the filing of several prior motions for injunctive relief by Appellants, on February 3, 1997, Appellants filed a "Motion for Emergency Preliminary Injunction to Estop Forced Sewer Hook Ups" and presented that motion to the trial court. After review of the motion and consideration of argument by counsel for both Appellants and the Authority, the trial court denied Appellants' motion by order dated February 3, 1997. Appellants now appeal the trial court's denial of their motion for an emergency preliminary injunction to this court.

In their brief on appeal, Appellants raise the following issues: (1) whether the trial court should have held an evidentiary hearing giving Appellants the opportunity to establish the criteria necessary for the issuance of a preliminary injunction; and (2) whether the trial court erred in concluding that Appellants would not suffer irreparable harm without the issuance of a preliminary injunction. The Authority, however, has filed a motion to dismiss the appeal pursuant to Pa.R.A.P. 2101 and 2188 due to Appellants' failure to comply with the Pennsylvania Rules of Appellate Procedure (Rules) by failing to follow the proper procedure for reproducing the record and by failing to strictly follow the Rules with respect to the proper content and form of the various portions of their appellate brief.

Initially, Appellants argue that the trial court erred by failing to hold an evidentiary hearing for the purpose of allowing Appellants the opportunity to introduce sufficient evidence to warrant the issuance of an emer-

---

1. Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §§ 301–322.

gency preliminary injunction. In *Banks v. Ryan,* 124 Pa.Cmwlth. 603, 556 A.2d 950, 953 (1989), *petition for allowance of appeal denied,* 525 Pa. 613, 577 A.2d 544 (1990), this court stated that "[a]lthough no absolute duty exists to grant an evidentiary hearing, the trial court's *refusal to grant* a hearing on an application for preliminary injunction is error where it amounts to an abuse of discretion." (emphasis added.)

We are of the opinion, however, that the failure to hold an evidentiary hearing on a motion for preliminary injunction, as alleged here, is vastly different from the refusal to grant a hearing which has been requested by the moving party. In *Petro v. Kennedy Township Board of Commissioners,* 49 Pa. Cmwlth. 305, 411 A.2d 849 (1980), the appellants argued, similarly to those here, that the chancellor erred by not conducting a hearing prior to rendering his decision on a motion for preliminary injunction. The appellants in that case had stated in their brief that they had requested a hearing during a conference with the trial judge; however, the appellees stated that no such request was ever made. In addition, the opinion of the chancellor mentioned nothing about a hearing, and no reference to a request for or waiver of a hearing was contained in the record. We stated that "[t]he difficult issue raised by Appellants' argument is not whether they had a right to a hearing on the matter, but whether they failed to assert and, therefore, waived that right." *Id.* 411 A.2d at 851. Because no request for or denial of a hearing appeared in the record, this court concluded that the appellants failed to carry their burden of proving that the chancellor erred. In so ruling, we stated that the appellants could not meet their burden simply by stating in their brief that they requested a hearing because the appellants "had merely to petition the Chancellor to enlarge the record to contain evidence showing they requested a hearing and that their request was denied." *Id.* Because they failed to do so, we stated that the appellants could not then ask the court to cure defects in their approach to the case.

Here, there is no evidence in the record that Appellants at any point requested an evidentiary hearing before the trial court. The "Motion for Emergency Preliminary Injunction to Estop Forced Sewer Hook Ups," which Appellants filed with the trial court, does not contain any request for a hearing. (R.R. at 117–124.) As in *Petro,* the opinion of the trial court here makes no mention of a hearing or a request therefor. Although the parties assert that Appellants' motion for preliminary injunction was denied by the trial court after considering arguments by counsel and the written motion itself, we have no record of those proceedings on appeal. Moreover, unlike in *Petro,* where the appellants alleged in their brief that they had requested a hearing but such allegation was refuted by the appellees, here Appellants do not even allege that they ever requested a hearing from the trial court at any point.[2] Consequently, it appears just as likely from the evidence before this court that Appellants waived any right to an evidentiary hearing as it does that such a hearing was requested and then denied by the trial court. Accordingly, we cannot say based on the state of the record before us that the trial court committed an abuse of discretion with respect to its failure to hold an evidentiary hearing prior to rendering its decision on Appellants' motion.

Next, Appellants argue that the trial court erred by concluding that Appellants would not suffer irreparable harm without the issuance of a preliminary injunction. In *Lewis v. City of Harrisburg,* 158 Pa.Cmwlth. 318, 631 A.2d 807, 810 (1993), we explained:

[A] court may grant a preliminary injunction only where the moving party establishes the following elements: (1) that relief is necessary to prevent immediate and irreparable harm which cannot be compensated by damages; (2) that greater injury will occur from refusing the injunction than from granting it; (3) that the injunction will restore the parties to the status quo as it existed immediately before the

2. In their Answer to Appellee's Motion to Dismiss Appeal, Appellants go so far as to state: "The issue at hand is whether or not the lower court should have recognized that an evidentiary hearing should have been held." Appellants' Answer to Appellee's Motion to Dismiss at 5.

alleged wrongful conduct; (4) that the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) that the plaintiff's right to relief is clear.... Because one of the elements which the moving party must establish is that "his right to relief is clear," it is of course necessary that the moving party be able to show that he has a reasonable likelihood of success on the merits. (citation omitted).

Moreover, "[b]ecause the grant of a preliminary injunction is a harsh and extraordinary remedy, it is to be granted only when and if *each* criteria has been fully and completely established." *League of Women Voters of Pennsylvania v. Commonwealth,* 683 A.2d 685, 688 (Pa.Cmwlth.1996)(emphasis in original).

With respect to the scope of appellate review over an order denying a preliminary injunction, the Pennsylvania Supreme Court has stated as follows:

[W]e recognize that on appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the Chancellor.

*Roberts v. Board of Directors of the School District of Scranton,* 462 Pa. 464, 469, 341 A.2d 475, 478 (1975).

Here, in denying Appellants' motion for a preliminary injunction, the trial court concluded that Appellants "had failed to allege facts showing that [Appellants] would likely prevail in the litigation and would suffer irreparable harm if the injunction were not granted." Op. of Trial Court at 1.

On appeal, Appellants now argue that the trial court's conclusion with respect to the element of irreparable harm was erroneous. We need not decide this issue, however, because even if we were to agree with Appellants' contention, we would be precluded from reversing the trial court due to Appellants' failure to challenge the additional ground upon which the trial court's decision was founded—namely, that Appellants failed to show a likelihood of success on the merits.

■■■■ A preliminary injunction may only be granted if each element is fully and completely established. *League of Women Voters.* Here, in addition to the element of irreparable harm, the trial court concluded that "[i]t does not appear from [Appellants'] petition that [Appellants] have a likely chance of success in this litigation." Op. of Trial Court at 4. Appellants, however, have raised no challenge to this conclusion of the trial court on appeal. When a party fails to raise an issue on appeal, it is waived and is not to be considered on appellate review. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 233–234, 478 A.2d 800, 804–05 (1984). As we are precluded from reviewing the propriety of the trial court's conclusion with respect to whether Appellants have shown a clear right to relief due to Appellants' failure to challenge this conclusion on appeal, we are constrained to affirm the trial court's denial of the requested preliminary injunction as Appellants failed to establish each of the criteria necessary therefor. In other words, the trial court's conclusion, which Appellants do not challenge on appeal, that Appellants failed to demonstrate a clear right to relief, by itself, provides apparently reasonable grounds for the trial court's actions in denying the requested injunctive relief.

Having determined that we must affirm the order of the trial court denying preliminary injunctive relief to Appellants, we need not address the motion to dismiss the appeal filed by the Authority because the Appellants would not prevail in any event. With respect to the costs of producing the supplemental reproduced record, which the Authority seeks as alternative relief to dismissal, we note that the Authority, as an appellee, will be entitled to such costs under Pa.R.A.P. 2741(2) and 2742 even without this court specifically awarding them.

For the foregoing reasons, the order of the trial court is accordingly affirmed.

## ORDER

NOW, September 3, 1997, the order of the Court of Common Pleas of Berks County, dated February 3, 1997, at No. 6585 Equity 1995, is hereby affirmed.