**Khurshan v. Miah**

*Brian E. Quinn,* for appellant.
*Peter George Mylonas,* for appellee.

TERESHKO, *J.,* June 26, 2008—

PROCEDURAL HISTORY

Defendants, Badsha Miah and Amir Hossain, appeal from the February 20, 2008 order granting the plaintiff Sheikh Khurshan's petition to quash the notice of appeal from arbitration.

FACTUAL BACKGROUND

On August 26, 2005, it is alleged by plaintiff Sheikh Khurshan that defendants Badsha Miah and Amir Hossain violently and repeatedly punched Khurshan in the course of robbing him of his possessions. (Complaint ¶3.) As a result, Khurshan sustained numerous injuries to the head and body. (Complaint ¶3.)

On April 12, 2006, Khurshan, through his counsel Peter Mylonas, instituted an action asserting claims against the defendants for assault, battery, negligence, harassment and robbery. (Complaint ¶¶3-6.) The defendants hired John McCreesh as their legal counsel on December 7, 2006. (See docket, p. 2.) The case pro-

ceeded to arbitration and an arbitration panel found in favor of Khurshan in the amount of $50,000. (See docket, p. 2.) On December 28, 2006, defendants, through their counsel, filed a notice of appeal from the initial arbitration award and waived their right to a jury trial. (Plaintiff's motion to quash, p. 3, exhibit B.) At the mandatory pretrial settlement conference held on April 30, 2007, defendants and Khurshan agreed to remand the case to a binding non-appealable arbitration. (Plaintiff's motion to quash, p. 3, exhibits C-E.)

Khurshan's counsel stated that he confirmed the agreement to remand the case to arbitration with McCreesh by phone on July 10, 2007 and by letter on September 10, 2007. (Motion to quash, p. 5, exhibit F.) Thereafter, McCreesh filed a continuance with the court to set the new date of November 29, 2007 for the binding arbitration. (McCreesh's letter to Joseph Hassett, November 5, 2007.) On November 29, 2007, the second arbitration panel awarded $48,000 in favor of Khurshan and notice of the arbitration award was sent to the defendants pursuant to Pa.R.C.P. 1307. (See docket, p. 5.) The award specifically stated that the parties, through counsel, agreed that the arbitration was binding and non-appealable. (Report and award of arbitrators, November 29, 2007.)

Although the second arbitration award was binding and final, the defendants discharged McCreesh as counsel and hired Brian Quinn as their new counsel. (Motion to quash, pp. 5-6.) Quinn subsequently filed an entry of appearance and appealed the second award on December 20, 2007. (See docket, p. 5.) Prior to filing the appeal, Quinn failed to contact the defendants' previous

attorney, John McCreesh, regarding the second binding, non-appealable arbitration. (Motion to quash, p. 6.) On January 16, 2008, Khurshan filed a motion to quash the defendants' appeal of the second arbitration award. (See docket, p. 7, motion to quash, p. 5.) In the motion, Khurshan alleged that both sides agreed to have the matter transferred to a binding non-appealable arbitration. (Motion to quash, p. 4.) Significantly, Khurshan's counsel stated that during the November 29, 2007 arbitration hearing, John McCreesh, along with the defendants and their interpreter, orally confirmed and ratified the agreement that the arbitration award was to be binding and non-appealable, evidencing their express agreement to the binding arbitration. (Motion to quash, p. 5.)

The defendants' response to the motion to quash alleged that John McCreesh did not have authority to bind them into the second non-appealable arbitration hearing. (Defendants' response to motion to quash, p. 5.) Defendant Hossain admits that he understands English, but that his father, defendant Miah, does not. (Defendants' response to motion to quash, exhibit 1.) Hossain stated that he advised John McCreesh to appeal the first arbitration award, but that McCreesh failed to communicate that the second arbitration was binding. (Defendants' response to motion to quash, exhibit 1.) Lastly, the defendants alleged that the arbitration award did not indicate that they were "colloquied and agreed that the arbitration was binding and non-appealable," despite the award clearly stating, *"Parties, through counsel, agree that this award is binding on the parties and non-appealable!"* (Defendants' response to motion

to quash, p. 5, award of arbitrators, November 29, 2007.) (emphasis added)

On February 20, 2008, this court granted Khurshan's motion to quash the defendants' appeal making the arbitration award of $48,000 binding and non-appealable. (See docket, p. 7.) The defendants filed their notice of appeal on March 14, 2008 and issued their statement of matters accordingly pursuant to Pa.R.A.P. 1925(b). (See docket, p. 7.) The two issues raised by defendants on appeal are whether the lower court abused its discretion in granting Khurshan's motion to quash the appeal when the counsel of both parties agreed to a binding non-appealable arbitration and whether an evidentiary hearing should be conducted on the factual issue of whether the defendants agreed to the binding arbitration.

LEGAL ANALYSIS

The standard of review of an appeal from an order confirming the arbitrator's award is abuse of discretion. *Rosenberg v. Monteverde & Hemphill,* 455 Pa. Super. 507, 510, 688 A.2d 1210, 1211 (1997). Arbitrators are the final judges of both law and fact and their award will not be disturbed for a mistake of either, unless the parties can show corruption or misconduct in the arbitration process. *Coleman v. SEPTA,* 233 Pa. Super. 441, 446, 335 A.2d 413, 415 (1975). In support of this rule, 42 Pa.C.S. §7341 provides:

"The award of an arbitrator in a nonjudicial arbitration which is not subject to subchapter A (relating to statutory arbitration) or a similar statute regulating

nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. §7341.

The lawyer-client relationship between defendants and McCreesh is subject to the Pennsylvania Rules of Professional Conduct, which discuss the scope of an attorney's representation of a client:

"(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representations. A lawyer shall abide by a client's decision whether to settle a matter." Pa.R.P.C. 1.2(a).

To pursue the objectives of the client, a lawyer must have actual authority from his client as defined in the Restatement of Law:

"A lawyer's act is considered to be that of a client in proceedings before a tribunal or in dealings with third persons when:

"(1) The client has expressly or impliedly authorized the act;

"(2) Authority concerning the act is reserved to the lawyer as stated in section 23; or

"(3) The client ratifies the act." Restatement (Third) of The Law Governing Lawyers §26 (2000).

It is this court's position that the defendants' notice of appeal from the second arbitration hearing was improper and properly quashed, since both parties, through their counsels, agreed to the binding arbitration.

In the present case, defendants failed to show fraud, misconduct, or corruption either by McCreesh or the arbitration panel. By way of the April 30, 2007 mandatory settlement conference, the parties agreed to remand the case to common-law arbitration. Khurshan, through his counsel, contacted McCreesh by phone on July 10, 2007 and by letter on September 10, 2007 to confirm the binding arbitration and after filing a continuance with the court, McCreesh set the final date of November 29, 2007.

Khurshan's counsel, Peter Mylonas, was present for the binding arbitration and stated unequivocally that during the November 29, 2007 arbitration, John McCreesh, along with the defendants and their interpreter, orally confirmed and ratified the agreement that the arbitration award was to be binding and non-appealable. The award of arbitrators confirms Mylonas' statement that the "parties, through counsel, agree that this award is binding and non-appealable." This shows that defendants understood and were advised of the consequences of entering into binding arbitration. The fact that defendant Hossain admits he understands English in his affidavit supports the argument that he understood the colloquy regarding the parameters of binding arbitration. The fact that defendant Miah does not speak English is of no significance because an interpreter was present to translate and confirm his assent to binding arbitration. This occurrence also shows that McCreesh had the actual authority from his clients to enter into

binding arbitration and that the defendants authorized him to do so.

McCreesh took action on behalf of the defendants to achieve their objectives. Since the defendants appealed the first arbitration award, it is clear their objective was to prevent a damage award exceeding $50,000. The only means McCreesh could choose to protect the defendants from a damage award exceeding $50,000 is through arbitration, thereby capping the damage amount at $50,000.

Defendants rely on *Reutzel* arguing that the attorney must have the client's express authority to bind the client into a settlement agreement. However, this argument fails since *Reutzel,* along with the Pennsylvania Rules of Professional Conduct, refer only to the attorney's authority to settle a case, not to enter binding arbitration. Whereas the Rule of Professional Conduct 1.2(a) expressly authorizes a client to decide whether to settle a matter, it does not accord the same authority over entering binding arbitration. The Rule of Professional Conduct 1.2(a) also states that a lawyer may take such action on behalf of the client as is *impliedly authorized* to carry out the representation. (emphasis added) Therefore, considering the conduct of the clients at the arbitration, this court found that McCreesh had authority to enter into binding arbitration and the defendants' conduct at the arbitration is further evidence that they authorized such a decision. The defendants' conduct after the arbitration decision is not relevant to the issue sub judice since the defendants understood the consequences of the binding arbitration and their attempt to appeal is merely a reaction to an undesirable result and a disregard for the rules.

Defense counsel also argues that an evidentiary hearing is required to determine whether the Defendants consented to a binding arbitration. "No absolute duty exists to grant an evidentiary hearing." *McCluskey v. Washington Township,* 700 A.2d 573, 575 (Pa. Commw. 1997). The trial court's refusal to grant a hearing on an application is judged by an abuse of discretion standard." *Id.* A hearing to determine if McCreesh had the authority to enter a binding arbitration is unnecessary because Khurshan's attorney and McCreesh both agreed to the binding arbitration and the defendants ratified the terms of the arbitration in the presence of the arbitration panel, as objectively verified by the award of arbitrators as appendix 1. Therefore, this court did not abuse its discretion in rendering a decision to quash the appeal based on both parties' briefs.

In viewing all of the facts, the defendants, through their counsel, ratified and confirmed the second arbitration to be binding and non-appealable. Furthermore, without a showing of fraud, misconduct, or corruption by either the defendants' prior counsel or the arbitration panel, defendants are not entitled to an evidentiary hearing on that factual question.

CONCLUSION

For all the aforementioned reasons this court properly granted plaintiff's motion to quash the appeal and respectfully requests that the February 20, 2008 order be affirmed.