J-A28005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CERTIFICATE HOLDERS OF EMC MORTGAGE LOAN TRUST 2004-A MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2004-A | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SANDRA WHITMAN | |
| Appellant | No. 951 EDA 2014 |

Appeal from the Order February 25, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2012-08303

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 12, 2014**

Appellant, Sandra Whitman, appeals *pro se* from the order entered in the Chester County Court of Common Pleas, which denied her petition to open the default judgment in this ejectment action, entered in favor of Appellee, LaSalle Bank National Association as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2004-A Mortgage Loan Pass-Through Certificates, Series 2004-A.  We affirm.

Appellee commenced a mortgage foreclosure action in 2006 against Appellant and her husband (who is now deceased).  On September 6, 2007, the court entered judgment in favor of Appellee.  Appellant's real property

was sold at a sheriff's sale on October 16, 2008, and the sheriff subsequently recorded the deed.

Appellee commenced an ejectment action against Appellant on August 8, 2012. The court entered a default judgment against Appellant on April 23, 2013, due to Appellant's failure to answer the complaint. On May 6, 2013, Appellant filed a *pro se* petition to open the default judgment. The court held an evidentiary hearing on November 18, 2013. In support of her petition to open, Appellant argued that the sheriff (who conducted the sale of her property in the foreclosure action and made service of process in the ejectment action) had failed to make certain required oaths prior to taking office. On this basis, Appellant contended that all acts by the sheriff, including service of process in the ejectment action, were "faulty" and deprived the court of subject matter jurisdiction. At the conclusion of the hearing, the court deferred its ruling so the parties could review the transcript and file post-hearing briefs.

On December 27, 2013, before the court rendered its decision on Appellant's petition to open, Appellant filed a motion for the court to take judicial notice of two videos which, Appellant alleged, depicted the sheriff taking incomplete public oaths of office. The sheriff filed a petition to intervene on January 14, 2014, which the court granted. On February 25, 2014, the court entered an order denying Appellant's motion for judicial notice and denying the petition to open default judgment. Appellant timely

filed a *pro se* notice of appeal on March 26, 2014. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following a grant of extension, Appellant timely complied.

Appellant raises one issue for our review:

WHETHER THE [TRIAL] COURT ERRED AND/OR OTHERWISE ABUSED ITS DISCRETION IN DENYING [APPELLANT'S] MOTION FOR JUDICIAL NOTICE CONTAINING VIDEO EVIDENCE OF THE OATH-SWEARING CEREMONIES IN QUESTION WITH RESPECT TO [APPELLANT'S] PETITION TO OPEN?

(Appellant's Brief at 5).

Preliminarily, we observe generally that issues not raised in a Rule 1925 statement will be deemed waived. ***HSBC Bank, NA v. Donaghy***, 101 A.3d 129 (Pa.Super. 2014). An appellant's concise statement must properly specify the error to be addressed on appeal. ***Commonwealth v. Dowling***, 778 A.2d 683 (Pa.Super. 2001). In other words, the Rule 1925 statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Id.*** The court's review and legal analysis can be fatally impaired when the court has to guess at the issues on appeal. ***Id.*** Thus, if a concise statement is too vague, the court may find waiver and

- 3 -

disregard any argument. *Id.* *See also In re A.B.*, 63 A.3d 345 (Pa.Super. 2013) (stating Rule 1925(b) statement must be specific enough for court to identify and address issue on review).

Instantly, Appellant presented her issue in her concise statement as follows:

> Whether the lower court erred and/or otherwise abused its discretion in denying Appellant['s] evidence of video(s) taken by notary of the swearing-in ceremonies. This would have clearly shown that [the sheriff] willfully failed to be sworn and subscribed to the legislatively mandated oaths of office as required by law; and, would have presented clear and convincing evidence that [the sheriff] intentionally [misled] the lower court via perjured testimony during a hearing on November 18, 2013 <u>that was on the record</u>.

(Appellant's Rule 1925(b) Statement, filed May 9, 2014, at 2 ¶4) (emphasis in original). In its Rule 1925(a) opinion, the trial court deemed this issue waived for vagueness, explaining: "[Appellant] fails to state any basis for her claim that [the court] erred; her generalized statement does not permit any further explanation or response. [Appellant's] broad statement amounts to nothing more than a claim that the order appealed from was wrong and, as such, preserves no issue for review." (Trial Court Opinion, filed May 30, 2014, at 2-3). In all fairness to Appellant, however, we think the issue was preserved plus the trial court addressed it in its order denying Appellant's motion for judicial notice.

Appellant argues the trial court could take judicial notice of the videos because the oath-swearing ceremonies shown on the videos took place

- 4 -

within the court's territorial jurisdiction of Chester County. Appellant asserts the parties cannot dispute that the ceremonies took place. Appellant emphasizes that the individuals on the videos (two Pennsylvania Court of Common Pleas judges and the sheriff) identify themselves, and the orator on the videos announces the date, location, time, and purpose of the oath swearing ceremonies. Appellant concludes the trial court erred when it denied her motion for judicial notice, and this Court must grant appropriate relief.[1] We disagree.

Our review of a trial court's denial of a petition to open default judgment implicates the following legal principles:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.
>
> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn

---

[1] Appellant also contends the videos constitute self-authenticating evidence under Pa.R.E. 902(5), (8), (11), and (12). Appellant made no mention of Rule 902 in her motion for judicial notice or in her Rule 1925(b) statement. Consequently, Appellant's particular claim that the videos constitute self-authenticating evidence is waived on appeal. **See Donaghy, supra**. **See also** Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

that decision absent a manifest abuse of discretion or error of law.

However, we will not hesitate to find an abuse of discretion if, after our own review of the case, we find that the equities clearly favored opening the judgment.

An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d 1280, 1281-82 (Pa.Super. 2000)).  Additionally, review of a trial court's decision to admit or exclude evidence is:

These matters are within the sound discretion of the trial court, and we may reverse only upon a showing of abuse of discretion or error of law.  An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.  In addition, [t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Jacobs v. Chatwani*, 922 A.2d 950, 960 (Pa.Super. 2007), *appeal denied*, 595 Pa. 708, 938 A.2d 1053 (2007).

Pennsylvania Rule of Evidence 201(b) governs judicial notice of adjudicative facts, in pertinent part, as follows:

**Rule 201.  Judicial Notice of Adjudicative Facts**

\* \* \*

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

\* \* \*

Pa.R.E. 201(b). "Adjudicative facts are facts about the particular parties to the controversy, their activities, their property, and their interests. Facts which help answer who did what, when, where, why, how, and with what motive and intent are all adjudicative." *Interest of D.S.*, 622 A.2d 954, 957 n.4 (Pa.Super. 1993).

This Court has explained:

A court may take judicial notice of an indisputable adjudicative fact. A fact is indisputable if it is so well established as to be a matter of common knowledge. Judicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary.

Judicial notice allows the trial court to accept into evidence indisputable facts to avoid the formality of introducing evidence to prove an incontestable issue. However, the facts must be of a matter of common knowledge and derived from reliable sources "whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(2).

*Kinley v. Bierly*, 876 A.2d 419, 421 (Pa.Super. 2005) (some internal citations omitted).

Instantly, the court held a hearing on November 18, 2013, on Appellant's *pro se* petition to open default judgment. Appellant made no mention at the hearing of the videos, which are supposed to depict the sheriff taking allegedly "incomplete" public oaths of office. At the conclusion of the hearing, the court deferred its ruling so that the parties could file post-hearing briefs. On December 26, 2013, Appellant filed her post-hearing brief, at which time she again made no mention of the videos. The next day, on December 27, 2013, Appellant filed a motion for judicial notice, requesting for the first time, that the court take judicial notice of the two videos, which Appellant attached as exhibits to her motion. Appellant provided no explanation why she did not introduce the videos to the trial court at the evidentiary hearing or mention them in her post-hearing brief. Appellant's belated presentation of the videos arguably constitutes waiver of her claim on appeal. **See generally Hall v. Jackson**, 788 A.2d 390 (Pa.Super. 2001) (holding appellant waived claims where it failed to specify in post-trial motion how grounds for relief were asserted at trial or in pre-trial proceedings); **Kraus v. Taylor**, 710 A.2d 1142 (Pa.Super. 1998), *appeal dismissed as improvidently granted*, 560 Pa. 220, 743 A.2d 451 (2000) (explaining full development of issues in trial court serves important function of orderly and efficient use of our judicial resources; appellant waived appellate issues which he failed to argue in brief in support of post-trial motion).

Moreover, in denying Appellant's motion for judicial notice, the court explained:

> The oath sworn by [the sheriff] is an adjudicative fact and as such falls within the scope of Pa.R.E., Rule 201. However, judicial notice may only be taken of a fact that is not subject to reasonable dispute. The oaths sworn by [the sheriff] are not generally known within this court's territorial jurisdiction. The specific language of the oaths sworn by [the sheriff] is at the heart of [Appellant's] defense and in dispute. The purpose of the hearing on November 18, 2013 was to take evidence on this issue. "[D]isputed questions of fact are not within the domain of judicial notice." *Haber v. Monroe County Vocational-Technical School*, [442 A.2d 292, 296 (Pa.Super. 1982)]. Furthermore, unauthenticated videos cannot be relied upon as a factual source whose accuracy cannot be reasonably questioned.

(Order Denying Appellant's Motion for Judicial Notice, filed February 25, 2014, at 1-2 n.1). Further, the court explained:

> First, whether…[the sheriff] took the required oaths of office, the law of Pennsylvania has long held that the act of a public office holder, performed under the color of title, is valid with regard to the public, even if the public office holder's election or appointment was irregular. … Thus, service made by [the sheriff] or her deputies is valid with respect to third parties, such as [Appellee] and [Appellant], regardless of whether [the sheriff] took the proper oaths to hold office because "[t]he acts of *de facto* officials that are performed under the color of title are valid with regard to the public, even if their election or appointment was irregular or illegal." *Ucheomumu v. County of Allegheny*, 729 A.2d 132, 135 (Pa.Cmwlth. 1999)[, *appeal denied*, 559 Pa. 724, 740 A.2d 1151 (1999)].
>
> Second, if the complaint was not [properly] served, as [Appellant] contends, *in personam* jurisdiction would be lacking, not subject matter jurisdiction. *Township of Lycoming v. Shannon*, 780 A.2d 835 (Pa.Cmwlth. 2001)

(jurisdiction of the court over the defendant is dependent upon proper service of the proceeding). [Appellant's] theory is built on this court lacking subject matter jurisdiction due to the [s]heriff's lack of authority to serve the complaint; however, the failure to serve original process does not implicate subject matter jurisdiction. Jurisdiction over subject matter relates to the competency of a court to hear and determine controversies of the general nature of the matter involved, which is, in this case, ejectment. … There has been no suggestion that the court does not have jurisdiction over actions in ejectment. [Appellant] has offered no citation to support her theory that failure to complete service affects the court's jurisdiction over the subject matter of this litigation. [Appellant] has not raised a claim that *in personam* jurisdiction is lacking.

Third, as [Appellant] admits, this is not an action in *quo warranto*, which is the only form of action that can challenge a public official's right to hold office and exercise the powers of that office.[2] ***Spykerman v. Levy***, [491 Pa. 470, 421 A.2d 641 (1980)]. Nonetheless, [Appellant's] theory rests on her challenge to [the sheriff's] right to hold office and her exercise of the powers of that office. [Appellant] argues that [the sheriff] "never had authority to act, nor has she ever held the Office of Sheriff." According to [Appellant], because [the sheriff] has never properly held office, all actions taken by representatives of her office are void, resulting in the failure of service of the complaint and the lack of subject matter jurisdiction. Despite acknowledging that this is not a *quo warranto* action, the defense that [Appellant] sets forth depends on the resolution of the legitimacy of [the sheriff's] tenure as sheriff, which is an issue that can only be addressed in a *quo warranto* action. For the reasons set forth above, whether [the sheriff] holds her office *de facto* or *de jure* is irrelevant to the outcome of this case.

Finally, we permitted [Appellant] to make a record in support of her claim that the [s]heriff failed to take the

---

[2] Appellant also concedes this point on appeal. (***See*** Appellant's Brief at 8.)

proper oaths prior to entering office. Although we believe that this issue does not need to be reached to dispose of this case, we have nonetheless addressed the claim in an effort to be thorough. [Appellant] contends that [the sheriff] is required to take both the oath of office required by the Constitution for the Commonwealth of Pennsylvania and the oath required by the County Code, that she has not done so throughout her tenure[,] and that as a result she has never legitimately held office.

\* \* \*

Both the Constitution of the Commonwealth of Pennsylvania and the County Code address the oath to be sworn by county officers before entering the duties of their offices. … We note that the oath required by the County Code incudes within it, word for word, the oath required by the Constitution. … In considering whether one recitation of common language is sufficient, we have considered the purpose for swearing an oath prior to assuming office. … The swearing of the oath marks entry to office. Before swearing, an office holder is *de facto*. After swearing an office holder is *de jure*. We fail to perceive how it could matter whether [the sheriff] uttered the identical words of the Constitutional oath and the County oath once or twice, when, upon swearing those words one time, she became the *de jure* holder of the office of sheriff.

For all of the reasons stated, [Appellant] cannot escape the results of this litigation based on alleged technical error in the oath of the [s]heriff. [Appellant] has failed to state a meritorious defense that would warrant opening the default judgment[.]

(Order Denying Appellant's Petition to Open Default Judgment, filed February 25, 2014, at 3-8) (some internal citations and footnotes omitted).

We see no reason to disturb the court's refusal to take judicial notice of the videos. **See Jacobs, supra**. Accordingly, we affirm.

Order affirmed.

- 11 -

Judge Wecht joins this memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2014</u>